IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LOZINSKY,<br>100 Winston Dr., #5F<br>Cliffside, NJ<br>　　　Plaintiff,<br>v.<br><br>GEORGIA RESOURCES<br>　MANAGEMENT, LLC,<br>Serve: Herman Hohauser, Registered Agent<br>　　　6212 Berlee Drive<br>　　　Alexandria, Virginia 22312<br><br>GLOBAL METHANE PARTNERS, INC.<br>Serve: Corporation Service Company<br>　　　2711 Centreville Road<br>　　　Suite 400<br>　　　Wilmington, DE 19808<br><br>　　　Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, through his undersigned counsel, complains against Georgia Resources Management, LLC and Global Methane Partners, Inc., and in support of this Complaint states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Daniel Lozinsky is a U.S. citizen and resident of New Jersey.

2. Defendant Georgia Resources Management, LLC ("GRM") is a Virginia limited liability company that has its principal place of business outside of the United States. GRM acted through, John Onufrak, Herman Hohauser, and its counsel, Earnest Stern, with regard to the matters set forth in this Complaint.

3. Defendant Global Methane Partners, Inc ("GMP") is a Delaware corporation with its principal place of business outside of the United States. GMP acted

through its president, John Onufrak, and its counsel, Earnest Stern, with regard to the matters set forth in this Complaint.

4.  This Court has jurisdiction over this action pursuant to the terms of 28 U.S.C. Section 1332. Venue is proper pursuant to the terms of 28 U.S.C. Section 1391 in that a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTS

5.  Plaintiff met Earnest Stern in our about 2001 in connection with Plaintiff's investment in a financially troubled company named Neoreach that was represented by Mr. Stern. As part of Plaintiff's investment in Neoreach, Plaintiff was asked to and did purchase another company named Mobilepro, a public company whose stock was traded over the counter but which had little or no value other than as a "shell" company. The acquisition of Mobilepro provided the foundation for Neoreach to be publicly traded as an over the counter stock, which increased its stock value.

6.  Plaintiff needed an opinion letter from Earnest Stern to be able to get access to his shares of stock in Mobilepro, and was in contact with Mr. Stern at his offices in D.C. for that purpose.

7.  In early 2006 Mr. Stern asked Plaintiff to come to the District of Columbia to meet with him, John Onufrak, and Herman Hohouser to learn about new ventures where Plaintiff could invest monies from the Mobilepro investment and make more money. The new ventures were Georgia Resources Management, LLC and Global Methane Partners, Inc.

8.  Plaintiff came to the District of Columbia for the requested meeting with

Messrs. Stern, Onufrak and Hohauser for an approximate three hour presentation in the offices of Mr. Stern's law firm. Plaintiff was told that Defendants were trying to improve safety for coal mining in the Ukraine on a profitable basis by capturing dangerous methane gasses and selling them.

9. Defendants also represented that they were attempting similar coal projects in Georgia, and that they had a license to mine gold in The Republic of Georgia for a volume of one to four million ounces.

10. Defendants asked Plaintiff for a continuing investment, and indicated that they were willing to sell 25% of the ownership of both GMP and GRM. Defendants indicated that they needed Plaintiff's money immediately for scheduled trips to Georgia and the Ukraine.

11. The next day, on February 17, 2006, and at the request of Defendants Plaintiff wired $40,000 to JP Morgan Chase NY National Financial Services for the account of Vancom Financial Services, Inc. Vancom Financial Services, Inc. is a Virginia corporation and a member of GRM. Vancom's principal place of business is 6212 Berlee Drive, Alexandria, Virginia 22312.

12. On February 24, 2006, and at the request of Defendants, Plaintiff wired another $40,000 to JP Morgan Chase NY National Financial Services for the account of Vancom Financial Services, Inc.

13. On March 24, 2006, and at the request of Defendants, Plaintiff wired $50,000 to Chevy Chase Savings Bank for the account of John Onufrak.

14. On April 21, 2006, and at the request of Defendants, Plaintiff wired $50,000.00 to Wachovia Bank for the account of GMP.

15. During this time period and after, Plaintiff asked Defendants and Mr. Stern, their counsel, for documentation regarding GMP and/or GRM, such as financial statements, business plans, and a copy of the gold license. No documents were provided to Plaintiff by Defendants or Mr. Stern in response to these requests.

16. In April, 2006, Plaintiff attended an "investors forum" in New York.

17. Plaintiff was then told by Defendants that for $165,000 he could own 5% of GMP, and for $185,000 he could own 10% of GRM.

18. John Onufrak continued to request that Plaintiff make more money available to Defendants. Onufrak represented, among other things, that Defendants were going to obtain a loan for $15,000,000 to help finance their operations, but that they needed additional monies as a bridge until this loan came through. Meanwhile, Defendants and Mr. Stern continued to stonewall Plaintiff and failed and refused to produce any documentation regarding GMP or GRM or Plaintiff's investment therein.

19. Finally, Defendants sent Plaintiff a proposed "Convertible Note Purchase Agreement" for GMP and GRM on or about May 4, 2006. Under the terms of these notes, Plaintiff would have the option of being repaid his investment or converting the investment into stock ownership. However, Plaintiff would have to invest considerably more monies in order to do so.

20. As recently as December 2006 and early January, 2007, Defendants, through their counsel Mr. Stern, refused to meet with Plaintiff's counsel regarding his investment and also refused to produce any documents regarding the Defendants, their operations, or Plaintiff's investment.

## COUNT I – UNJUST ENRICHMENT

21.     The allegations of paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22.     Plaintiff paid monies to or for the benefit of Defendants and enriched them under circumstances where Defendants knew that Plaintiff expected, and that in fairness he was entitled to receive, value in response thereto. At the time, however, there was no express agreement between the parties and no ensuing meeting of the minds, and the parties had not bound themselves contractually.

23.     Defendants have wrongfully retained Plaintiff's investment, and have been enriched to the prejudice of Plaintiff.

24.     It would be unjust to permit Defendants to retain the benefits of Plaintiff's investment under these circumstances.

WHEREFORE, Plaintiff seeks the return of his investment in the form of a judgment against Defendants, jointly and severally, in the principal amount of $180,000, pre-judgment interest, attorneys' fees, costs, and such other and further relief as this Court deems equitable and just.

Respectfully submitted,
Saul Ewing LLP

_____
Robert C. Gill (D.C. Bar# 413163)
Shannon H. Bates (D.C. Bar# 480186)
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, D.C. 20037
Tel:    202-295-6600
Fax:    202-295-6700
*Counsel for Plaintiff Daniel Lozinsky*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-377
E JDB

| I (a) PLAINTIFFS<br>Daniel Lozinsky | DEFENDANTS<br>Georgia Resources Management, LLC<br>Global Methane Partners, INC. |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___<br><br>CASE NUMBER  1:07CV00377 |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Robert C. Gill, Esq.<br>Saul Ewing LLP-2600 Virginia Ave,<br>NW, Washington, DC 20037-202-295-66__ | JUDGE: John D. Bates<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 02/21/2007 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Unjust Enrichment

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☒ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)  ☐ YES  ☒ NO    If yes, please complete related case form.

DATE 2/20/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.