UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANIEL LOZINSKY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-377 (JDB) |
| v. | ) ) ) | |
| GLOBAL RESOURCES MGMT., LLC, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

Plaintiff Daniel Lozinsky invested $180,000 in defendants Georgia Resources Management, LLC ("GRM") and Global Methane Partners, Inc. ("GMP") in early 2006. GRM and GMP were formed to explore coal and methane projects in the Ukraine and the country of Georgia. Plaintiff now sues to recover that sum on a theory of unjust enrichment. Defendants have moved for summary judgment or, alternatively, to dismiss.

In their motion, defendants assert that plaintiff has not alleged or shown that they failed to perform substantial work in connection with the projects and the investment received from plaintiff. Def.'s Mot. ¶ 1. Furthermore, they contend, plaintiff is a knowledgeable investor who had experienced counsel advising him, and he voluntarily invested in GRM and GMP with knowledge that there would be no guarantees on the amount or timing of any return. Id. ¶¶ 2-4. Hence, defendants argue that a claim of unjust enrichment is unavailable to plaintiff and,

1

moreover, estoppel bars the claim in any event.  Id. ¶ 3.

Plaintiff responds in his opposition that no written agreement was ever reached, and no documents contain or confirm the terms of any oral agreement.  Pl.'s Opp'n at 1.  He contends that during his discussions with GRM and GMP he kept requesting documentation regarding them, which was never provided.  Id. at 4.  Plaintiff describes his payment as an advance, not an investment, because no agreement was ever reached on the terms and conditions of an investment.  Id. at 4-5.  He asserts that he promptly sought the full return of the $180,000 advance when proposed terms were provided to him and his attorney in May 2006.  Id. at 6.

Both sides have submitted affidavits that support their respective versions of events.  No discovery has yet occurred in this case.  Defendants have not filed a reply to plaintiff's opposition to their motion.

As plaintiff points out, unjust enrichment is an intensely factual inquiry under District of Columbia law, and it is normally improper to resolve an unjust enrichment claim on a motion prior to any discovery in the case.  See, e.g., Kramer Assocs., Inc. v. Ikam, 888 A.2d 247, 254-55 (D.C. 2005); 4934, Inc. v. D.C. Dep't of Employment Servs., 605 A.2d 50, 55-56 (D.C. 1992).  So, too, an estoppel defense normally is not appropriate for summary judgment prior to discovery, as it will usually turn on factual findings to be made by the trier of fact.  See, e.g., Hardison v. Shirlington Trust Co., 148 A.2d 88, 90 (D.C. 1959).

Here, there remain genuine issues of material fact that preclude judgment for defendants (or dismissal) prior to discovery.  The nature and terms of any agreement and whether defendants have put plaintiff's "investment" (or "advance") to the intended purpose remain in dispute.  Following discovery, the factual picture may be clearer, and perhaps could even support

summary judgment.  But not at this time.

Accordingly, it is hereby **ORDERED** that defendants' motion for summary judgment, or in the alternative, to dismiss is **DENIED**; and it is further

**ORDERED** that defendants shall answer the complaint by not later than January 28, 2008.

**SO ORDERED**.

/s/
John D. Bates
United States District Judge

Dated:  December 31, 2007