IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LOZINSKY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GEORGIA RESOURCES )<br>   MANAGEMENT, LLC, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:07cv00377 |

### REPLY TO COUNTERCLAIM

Plaintiff, by counsel, submits this reply to the counterclaim of Defendants Georgia Resources Management, LLC and Global Methane Partners, Inc.

### FACTS

1. Admitted.

2. Plaintiff is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

3. Plaintiff is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

4. Admitted.

5. Plaintiff is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

6. Plaintiff is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

7. Plaintiff is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

8. Plaintiff admits that he knew Mr. Stern from his investment in Neoreach and a related investment in Mobilepro. Any remaining allegations are denied.

9. Plaintiff admits only that he was asked by Mr. Stern to come to the District of Columbia to hear a presentation by Defendants. Any remaining allegations are denied.

10. Admitted. Mr. Stern also participated in the meeting which was conducted at his law firm.

11. Plaintiff admits that Defendants requested funding from him. Plaintiff denies any remaining allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Plaintiff admits only to providing the referenced $80,000. Any remaining allegations are denied.

17. Plaintiff admits only to attending the investors forum. Any remaining allegations are denied.

18. Denied.

19. Denied.

20. Plaintiff admits only to providing $50,000 on or about March 24 and another $50,000 on or about April 1, 2006. Any remaining allegations are denied.

21. Plaintiff admits only that he demanded a return of his $180,000. Any remaining allegations are denied.

22. Denied.

23. Plaintiff admits only that he provided Defendants with $180,000, for which he has received nothing in return. Any remaining allegations are denied.

24. Denied.

25. Denied.

## COUNT I – PROMISSORY ESTOPPEL

26. Plaintiff incorporates his responses to paragraphs 1-25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

1. Defendants' counterclaim fails to state a claim upon which relief can be granted.

2. Defendants' counterclaim is barred by the doctrine of estoppel.

3. Defendants' counterclaim is barred by the statute of frauds.

4. Defendants' counterclaim is barred because the alleged agreement is illegal and contrary to law and public policy.

5. Defendants' counterclaim is barred by Defendants' fraud.

6. Defendants' counterclaim is barred because of a failure or lack of consideration as to the alleged agreement.

WHEREFORE Plaintiff seeks dismissal of the counterclaim with prejudice.

Respectfully submitted,
Saul Ewing LLP


/s/ Robert C. Gill_____
Robert C. Gill (D.C. Bar# 413163)
Shannon H. Bates (D.C. Bar# 480186)
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, D.C. 20037
Tel:    202-295-6605
Fax:    202-295-6705
*Counsel for Plaintiff Daniel Lozinsky*

4

**CERTIFICATE OF SERVICE**

      I certify that on this 19th day of February, 2008, a true and correct copy of the foregoing was sent via first class mail, postage pre-paid, to:

Edward P. Henneberry, Esquire
Bregman, Berbert, Schwartz & Gilday, LLC
7315 Wisconsin Avenue, Suite 800 West
Bethesda, Maryland  20814

                                         /s/ Robert C. Gill
                                             Robert C. Gill