IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LOZINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07cv00377 |
| ) | |
| GEORGIA RESOURCES ) | |
| MANAGEMENT, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**JOINT REPORT FOR INITIAL SCHEDULING CONFERENCE**

Pursuant to Rules 16(b) and 26(f)of the Federal Rules of Civil Procedure, and Rules 16.1 and 16.3 of the Local Rules of this Court, counsel for Plaintiff, Daniel Lozinsky, and counsel for Defendants/Counterclaimants, Georgia Resources Management, LLC and Global Methane Partners, Inc. have conferred and hereby jointly submit the following report to the Court in advance of the Initial Scheduling Conference in the above-captioned matter:

**I.   Brief Statement of the Case**

Defendants asked Plaintiff to invest monies in the Defendant entities to help finance their operations. Plaintiff was told that Defendants were trying to improve safety for coal mining in the Ukraine on a profitable basis by capturing dangerous methane gasses and selling them. Defendants also represented that they were attempting similar coal projects in Georgia, and that they had a license to mine gold in The Republic of Georgia for a volume of one to four million ounces.

Plaintiff provided Defendants $180,000, but the parties never reached any firm agreement as to the terms of any investment by Plaintiff. After providing the $180,000,

Defendants provided Plaintiff with documents that would have required further investment by Plaintiff.  However, Plaintiff never agreed to such terms.

Defendants contend that Plaintiff agreed to provide additional monies to Defendants, and that Plaintiff has not done so.  Defendants may have a different version of the terms of the purported agreement and/or representations made to Plaintiff, if any, concerning the use of Plaintiff's investment monies.

## II.     Statutory Basis for All Causes of Action and Defenses

Plaintiff's Complaint asserts a single claim for unjust enrichment, and Defendants' Counterclaim asserts a claim for promissory estoppel.  No statutory claims have been asserted.

## III.    Proposed Schedule

The parties have agreed to the following proposed schedule:

| Event | Date/Deadline |
|---|---|
| Deadline to add parties and amend pleadings | April 15, 2008 |
| Exchange witness lists | May 30, 2008 |
| Deadline for service of written discovery requests | June 30, 2008 |
| Proponent's R. 26(a)(2) statements | July 30, 2008 |
| Opponent's R. 26(a)(2) statements | August 29, 2008 |
| All discovery closed | September 30, 2008 |
| Deadline for dispositive motions | October 31, 2008 |
| Deadline for decisions on dispositive motions | December 1, 2008 |
| Pre-Trial Conference | January 16, 2009 |
| Deadline for motions in limine | (30 days before trial) |

**IV.    Topics Listed in LCvR 16.3(c)**

    **(1)    Dispositive Motion**

Based on the factual nature of the claims and defenses, no further motions are contemplated until the close of discovery.  At that time summary judgment motions are anticipated.

    **(2)    Joining Additional Parties and Amending Pleadings**

As set forth above, the parties recommend setting April 15, 2008 as the deadline to add parties and amend pleadings.

    **(3)    Magistrate Judge**

The parties oppose the assigning of this case to a magistrate judge for all purposes.

    **(4)    Possibility of Settling Case**

The parties do not anticipate that there is a realistic possibility of settling this case at this time.

    **(5)    ADR**

At present, the parties do not anticipate using the Court's ADR procedures as this matter proceeds.

    **(6)    Dispositive Motions II**

The parties anticipate the possibility of dispositive motions which may dispose of some or all aspects of this case, and recommend the above deadlines for filing and decisions upon such motions.

**(7)    Initial Disclosures**

The parties waive initial disclosures.

**(8)    Discovery**

The parties recommend the above schedule for discovery.

**(9)    Expert Witnesses**

The parties recommend the above schedule for the exchange of witness reports and information pursuant to FRCP 26(a)(2).

**(10)   Class Actions**

This item is inapplicable to instant action.

**(11)   Bifurcation**

The parties do not have any proposals for bifurcation of discovery and/or the trial.

**(12)   Pre-Trial Conference Date**

As set forth above, the parties recommend setting January 2, 2009, as the date for the pre-trial conference.

**(13)   Trial Date**

The parties agree that the trial date should be set at the pre-trial conference.

**(14)   Other Matters**

The parties have no other matters to recommend for inclusion in a scheduling order.

Respectfully submitted,
Saul Ewing LLP


*/s/ Robert C. Gill*_____
Robert C. Gill (D.C. Bar# 413163)
Shannon H. Rutngamlug (D.C. Bar# 480186)
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, D.C. 20037
Tel:    202-295-6605
Fax:    202-295-6705
*Counsel for Plaintiff*


*/s/ Edward P. Henneberry*_____
Edward P. Henneberry
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Suite 300
Rockville, Maryland  20852
Tel:    (301) 255-0531
Fax:    (301) 230-2891
*Counsel for Defendants*